## ELIZABETH WEBSTER *v.* RAY S. WEBSTER.

*Ernest L. Bell, Jr.* and *Francis H. Ayer* (*Mr. Ayer* orally), for the plaintiff.

*Edward C. Sullivan* (by brief), for the defendant.

KENISON, J. "There is the usual conflicting evidence as to extreme cruelty or cruel and abusive treatment on both sides and as to unfaithfulness." This statement made by the plaintiff is fully justified by the evidence. In such cases the Trial Court usually must of necessity believe one and disbelieve the other in whole or in part. *Franklyn* v. *Franklyn*, 93 N. H. 90, 91; *Ballou* v. *Ballou*, *ante*, 105. The decree is sustained by the testimony (*Dubreuil* v. *Dubreuil*, 93 N. H. 14, 15) and no useful purpose would be served by repeating its factual foundation.

Plaintiff contends that the defendant "was in contempt of Court which precludes him from prosecuting his cross-libel for divorce." This view is not supported by the weight of authority (62 A. L. R. 663, 667) and under certain situations raises constitutional questions. Compare *Hovey* v. *Elliot*, 167 U. S. 409 with *Bennett* v. *Bennett*, 208

U. S. 505, 514. In any event such a minority rule has no application to the facts of the present case because in the first place there was no adjudication of contempt and none was sought and in the second place the defendant purged himself of any contempt of the court order by payment in full before a hearing on the merits of the divorce libel. Public policy does not require and common sense does not dictate that a temporary default in weekly payments should forever bar a party from seeking justice in a court of equity when there has been a full compliance with the court order before the case is finally heard on its merits. The Trial Court properly refused to deny the defendant a divorce on that ground.

*Exceptions overruled.*

All concurred.